UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DAVID RUFFA, | Case No. 2:20-cv-01300-KJD-EJY |
| Plaintiff, | |
| v. | **ORDER**<br>**and**<br>**REPORT AND RECOMMENDATION** |
| STATE OF NEVADA, | **Re:  ECF No. 1-1** |
| Defendant. | |

Presently before the Court is Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 1) and Plaintiff's Civil Rights Complaint (ECF No. 1-1).  Plaintiff's Application is complete, including all information required by 28 U.S.C. § 1915(a).  The application demonstrates Plaintiff is unable to prepay fees and costs or give security for them.  Therefore, Plaintiff's *in forma pauperis* application is granted.  However, Plaintiff's Complaint states a claim upon which relief cannot be granted and, therefore, the Court recommends dismissal with prejudice of Plaintiff's Complaint.

**I.     Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2).  When screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

When considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## II. Review of Plaintiff's Complaint

Plaintiff's Complaint states two claims against the State of Nevada. ECF No. 1-1 at 1-4. Plaintiff can raise no 42 U.S.C. § 1983 claims against the State of Nevada as Eleventh Amendment sovereign immunity bars such actions. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65 (1989) (holding that states are not persons for purposes of Section); *Brooks v. Sulphur Springs Valley Elec. Co-op.*, 951 F.2d 1050, 1053 (9th Cir. 1991) (holding that "[t]he Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state" and that "[t]he Eleventh Amendment's jurisdictional bar covers suits naming state agencies and departments as defendants, and applies whether the relief sought is legal or equitable in nature"); NRS § 41.031(3) (stating that the State of Nevada does not waive its Eleventh Amendment immunity).

Because the law is clear, and the State of Nevada is immune from a Section 1983 suit, the Court recommends dismissal with prejudice of Plaintiff's Complaint.

## III. Order

IT IS HBEREBY ORDERED that Plaintiff's Application for Leave to Proceed *In Forma Pauperis* (ECF No. 1) is GRANTED.

## IV. Recommendation

IT IS HEREBY RECOMMENDED that Plaintiff's Complaint (ECF No. 1-1) be dismissed with prejudice in its entirety because Plaintiff's claims against the State of Nevada are barred by the

Eleventh Amendment.  Therefore, no amendment to these claims can be made that would prevent dismissal.

Dated this 25th day of September, 2020

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).